**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURMEET BISLA SINGH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Respondents. | Case No. 1:23-cv-01043-EPG-HC<br><br>ORDER DENYING RESPONDENTS' MOTION TO STAY AS MOOT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 10, 17, 20) |

Petitioner Gurmeet Bisla Singh, represented by counsel, is an immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 9, 12.) For the reasons stated herein, the Court denies Respondents' motion to stay as moot and dismisses the petition for writ of habeas corpus as moot.

**I.**

**BACKGROUND**

Petitioner is from India and first entered the United States in May 1988 when he was eight years old as a lawful permanent resident. (ECF No. 2-2 at 2; ECF No. 8 at 3; ECF No. 8-1 at 2; ECF No. 8-2 at 2.)[1] Petitioner was convicted of conspiring to distribute and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (B)(1)(A), and 846. (ECF No. 8 at 3; ECF No. 8-2 at 43–44, 46.) Petitioner ultimately was sentenced to an imprisonment term

---
[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

1    of 150 months. (ECF No. 8 at 3; ECF No. 8-2 at 52.) In June 2020, Petitioner was convicted of
2    assault with a semiautomatic firearm, in violation of California Penal Code section 245(b).
3    Petitioner was sentenced to an imprisonment term of three years. (ECF No. 8 at 3; ECF No. 8-2
4    at 7.)

5          Upon Petitioner's release from prison on August 2, 2021, U.S. Immigration and Customs
6    Enforcement ("ICE") detained Petitioner under 8 U.S.C. § 1226(c). (ECF No. 8 at 3.) Petitioner
7    is currently detained at the Golden State Annex facility in McFarland, California. (ECF No. 2-2
8    at 2; ECF No. 8 at 3.) ICE initiated removal proceedings against Petitioner pursuant to 8 U.S.C.
9    §§ 1227(a)(2)(A)(iii) and (B)(i). (ECF No. 8 at 3.)

10         At a hearing on September 23, 2021, the Immigration Judge ("IJ") sustained the charge of
11   removability and Petitioner filed his application for relief. (ECF No. 8 at 3; ECF No. 8-1 at 3–4.)
12   On November 19, 2021, the IJ denied relief and ordered Petitioner be removed to India. (ECF
13   No. 8 at 4; ECF No. 8-1 at 4, ECF No. 8-2 at 72.) On December 23, 2021, Petitioner
14   administratively appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (ECF
15   No. 8 at 4; ECF No. 8-1 at 4.) On February 2, 2023, the BIA dismissed Petitioner's appeal. (ECF
16   No. 8 at 4; ECF No. 8-2 at 77–78.) On March 3, 2023, Petitioner filed a petition for review and
17   motion to stay removal in the United States Court of Appeal for the Ninth Circuit. (ECF No. 8 at
18   4.) A temporary stay of removal remains in effect. The government's answering brief was due on
19   September 5, 2023, and Petitioner's reply brief was due twenty-one days after service of the
20   answering brief. (Id.)

21         Upon entering Department of Homeland Security ("DHS") custody, DHS conducted a
22   custody redetermination and concluded that detention was warranted because Petitioner
23   constituted a threat to public safety if released. (ECF No. 8-1 at 3–4; ECF No. 8-2 at 55–57.) On
24   June 28, 2023, the IJ denied Petitioner's request for a custody redetermination because the IJ did
25   not have jurisdiction. (ECF No. 8-1 at 4; ECF No. 8-2 at 58–59.)

26         On July 12, 2023, Petitioner filed a petition for writ of habeas corpus and a motion for
27   temporary restraining order ("TRO"). (ECF Nos. 1, 2.) Petitioner alleges that he has been
28   detained since August 2, 2021, and has not been afforded a bond hearing. Petitioner asserts that

his prolonged detention violates his Fifth and Eighth Amendment rights and requests a temporary restraining order that secures his immediate release, or in the alternative, a bond hearing. (ECF No. 2 at 1–2.) Respondents filed an opposition to the motion for TRO, and Petitioner filed a reply. (ECF Nos. 8, 9.) On September 8, 2023, the Court granted in part Petitioner's motion for TRO and ordered Respondents to provide Petitioner with an individualized bond hearing within thirty days. (ECF No. 14.)

On September 12, 2023, Respondents filed an answer. (ECF No. 15.) On September 15, 2023, Respondents filed a motion to stay the Court's September 8th order, arguing that denying a stay "may lead to this case becoming moot prior to consideration of the arguments raised in Respondents' Response." (ECF No. 16 at 1.) Petitioner opposed the motion to stay. (ECF No. 18.) On September 28, 2023, Respondents filed a notice informing the Court that Petitioner was provided a bond hearing in accordance with the Court's order. (ECF No. 19.) To date, Petitioner has not filed a reply to the answer, and the time for doing so has passed.

## II.

## DISCUSSION

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, Petitioner was provided a bond hearing in accordance with the Court's previous order. (ECF No. 19.) Therefore, as Petitioner is no longer being detained without having been afforded a bond hearing before an immigration judge, the Court finds that the petition is moot.[2]

---

[2] Petitioner did not address the issue of mootness in the opposition to the motion to stay. Further, Petitioner has not filed a reply to the answer. There is nothing before this Court indicating that an exception to the mootness doctrine is applicable.

See Flores-Torres v. Mukasey, 548 F.3d 708, 710 & n.3 (9th Cir. 2008) (finding moot part of petition regarding detention without an individualized custody hearing because petitioner subsequently received an individualized bond redetermination hearing before an immigration judge). Further, as Respondents provided Petitioner with a bond hearing in accordance with the Court's September 8th order, the Court will deny as moot Respondent's motion to stay the September 8th order.

## III.
## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to stay (ECF No. 16) is DENIED as MOOT;
2. The petition for writ of habeas corpus is DISMISSED as MOOT; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **December 21, 2023**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE